ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| PEDRO QUILES LOPEZ<br><br>Demandante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO P/C SECRETARIO DE JUSTICIA P/C SECRETARIO DE JUSTICIA Y OTROS<br><br>Demandado<br><br>TERESA PACHECO CAMACHO<br>Peticionaria | KLCE202400507 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil Núm.: GM2024CV00071<br><br>Sobre:<br>*Mandamus* |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante nosotros Teresa Pacheco Camacho (Pacheco Camacho o peticionaria) y solicita que revoquemos la *Resolución*[1] que el Tribunal de Primera Instancia, Sala de Guayama (TPI o foro primario) notificó el 3 de abril de 2024, la cual fue objeto de reconsideración.[2] En ella, el foro primario denegó la *Moción solicitando relevo de representación legal* que instó la peticionaria.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

## I.

Surge del expediente que, el TPI designó a la peticionaria como representante legal de oficio[3] de Pedro Quiles López, quien instó una demanda sobre daños y perjuicios en contra del Departamento de

_____
[1] Apéndice, pág. 6.
[2] Apéndice, págs. 8-11.
[3] Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico, según enmendado.

Número Identificador

RES2024_____

Corrección y Rehabilitación (DCR) y de al menos 8 de sus funcionarios en su carácter personal.[4] En respuesta, la peticionaria solicitó al TPI ser relevada de tal designación. Lo antes, por entender que el referido asunto es de naturaleza penal y administrativa, lo cual son áreas del Derecho que ella no ejerce ni ha ejercido durante su carrera profesional como abogada. En su moción, la peticionaria invocó el Canon 18 de Ética Profesional, 4 LPRA Ap. IX, el cual establece que es impropio de un abogado asumir una representación legal a sabiendas de que no puede rendir una labor idónea ni defender diligentemente los intereses del cliente.

Evaluado lo anterior, el TPI emitió el dictamen impugnado mediante el cual proveyó no ha lugar al petitorio de Pacheco Camacho. En consecuencia, le concedió un término de veinte (20) días para reunirse con su representado, lo cual le permitió realizar de forma virtual en coordinación con el tribunal.

Inconforme, la peticionaria instó una solicitud de reconsideración en la cual insistió en que existe causa justificada para que el foro primario conceda el relevo de representación legal solicitado. Expuso que, los reclamos del demandante están fundamentados en sus derechos como recluso, materia que no ha ejercido en sus 29 años en la profesión.

Tras el TPI negarse a reconsiderar, la peticionaria acude ante esta Curia mediante el recurso de epígrafe y señala como único error lo siguiente:

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Guayama al denegar la moción solicitando el relevo de representación legal de la abogada recurrente amparada en la normativa ética que rige la profesión legal.

Hemos examinado con detenimiento el recurso presentado por Pacheco Camacho y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo

---

[4] Apéndice, págs. 12-21.

y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez*, supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez*, supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia,

en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### III.

La peticionaria solicita nuestra intervención para que revoquemos el dictamen recurrido y la relevemos de representar de oficio al Sr. Pedro Quiles López en su pleito en contra del DCR y otros. Según la peticionaria, el referido pleito es de naturaleza penal y administrativa. Basado en esta premisa, implora ser relevada de la representación legal de oficio porque son materias sobre las cuales no posee las destrezas y conocimientos necesarios para desplegar una labor adecuada y responsable. Detalla que su práctica jurídica es atendiendo asuntos de naturaleza civil.

Sin embargo, de una simple lectura de la demanda que instó Quiles López ante el TPI constatamos que se trata de una reclamación civil sobre daños y perjuicios, en la cual, solicita una indemnización por los daños sufridos producto del trato hostil y abusivo que desempeñaron funcionarios del DCR hacia su persona.[5]

A lo anterior se añade que, a la luz de los preceptos judiciales aplicables, no procede ejercer nuestra discreción para intervenir con la determinación recurrida. Precisamos que, el dictamen recurrido no está comprendido dentro del marco de decisiones interlocutorias revisables al amparo de la Regla 52.1 de las de Procedimiento Civil, *supra.* La citada regla no nos confiere autoridad para expedir el auto de *certiorari* a los fines de dejar sin efecto una denegatoria del foro primario a una moción de relevo de representación legal. Tampoco el recurso de epígrafe presenta un asunto que justifique nuestra intervención, a tenor de los criterios de la Regla 40 del Reglamento

---

[5] Apéndice, págs. 12-21.

6

del Tribunal de Apelaciones, *supra*

A lo anterior añadimos que, de nuestro análisis del recurso, según presentado, y examinados los planteamientos esbozados, colegimos que la peticionaria tampoco nos ha puesto en posición para determinar que, de esta Curia no intervenir, pudiera conformar un fracaso irremediable a la justicia. Así pues, no identificamos fundamentos jurídicos que, al palio de los preceptos legales antes discutidos, justifique la expedición del auto de *certiorari*. Por tal razón, no procede nuestra intervención sobre la determinación recurrida.

**IV.**

Por los fundamentos esbozados, denegamos la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones